```
                                    FILED
                              IN CLERK'S OFFICE
                            US DISTRICT COURT E.D.N.Y.

                            ★  SEP 20 2012  ★

                              BROOKLYN OFFICE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
TODD WETZELBERGER,                                       :    **MEMORANDUM**
                                                         :    **DECISION AND ORDER**
                              Petitioner,                :
                                                         :    12 Civ. 3685 (BMC)
         - against -                                     :
                                                         :
M&T BANK CORPORATION, et al.,                            :
                                                         :
                              Respondents.               :
                                                         :
-------------------------------------------------------- X

**COGAN, District Judge.**

Petitioner *pro se*, a resident of Maryland, commenced this proceeding in state court seeking "prelitigation discovery" under New York C.P.L.R. § 3102(c). That statute allows a "special proceeding," as defined under state law, see N.Y. C.P.L.R. § 403, essentially a motion, for the sole purpose of obtaining discovery in anticipation of bringing a lawsuit. The statute provides, in part, that: "Before an action is commenced, disclosure to aid in bringing an action, to preserve information or to aid in arbitration, may be obtained, but only by court order." N.Y. C.P.L.R. §3102(c). Respondent M&T Bank removed the proceeding to this Court, asserting federal question jurisdiction (28 U.S.C. § 1331), based on suggestions in the state court petition that respondent had violated various federal laws relating to real estate transactions and financing, as well as the Uniform Commercial Code and state common law. Specifically, petitioner made reference to possible claims under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692G, and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*

Respondent M&T Bank then requested leave to move to dismiss the petition on the ground that plaintiff had failed to demonstrate a right to prelitigation discovery under C.P.L.R. § 3102(c). I entered an Order dated August 5, 2012, which pointed out to respondent that now that the case had been removed, the C.P.L.R. was no longer applicable to discovery matters, and petitioner would have to show entitlement to prelitigation discovery under Federal Rule of Civil Procedure 27. Because petitioner had not had the opportunity to do that, I directed him to file an amended petition demonstrating his right to prelitigation discovery under Rule 27. Because the state court petition was ambiguous as to petitioner's intent, I also advised petitioner that he could, alternatively, waive any rights he had to proceed against respondent under the federal statutes that he cited, and that if he did that, I would remand the case to state court. I further cautioned petitioner that failure to file an amended petition may result in dismissal of this proceeding.

Petitioner then moved to remand the case to state court. I denied that motion by Order dated August 23, 2012, because in petitioner's motion, as in his original petition, he was threatening federal law claims against respondent. In other words, he had done the opposite of taking up my invitation to forego any federal claims so that the proceeding could be remanded. In addition, because petitioner had not attempted to show why he was entitled to prelitigation discovery under Federal Rule of Civil Procedure 27, as I had directed him to do, I gave him one final opportunity, in light of his *pro se* status, to do so, but again cautioned him that if he failed to make such a showing, the proceeding would be dismissed.

Petitioner has now moved for "clarification" of the August 23rd Order, asserting that it was "purposely vague." The thrust of his motion seems to be that his right to discovery is obvious for various reasons, including: (a) he has been seeking "extrajudicial discovery" for

three years to no avail; (b) Federal Rule of Civil Procedure 34 provides for documentary discovery; and (c) his purpose in seeking discovery is to determine who the proper defendants are. He also continues to maintain that jurisdiction is improper in this Court because there is not complete diversity.

Respondent contends that petitioner's "confusion" is feigned. It points out that petitioner runs an internet business that offers to review mortgage loan documents to determine if they meet the requirements of federal statutes, citing http://surefirehomeretention.com/.

In any event, petitioner has failed to satisfy any of the basic requirements for Rule 27 discovery. His reliance on Rule 34 is misplaced because, like most of the Federal Rules of Civil Procedure, that provision only applies when there is a lawsuit pending between parties, and there is no such proceeding in this Court. In addition, the fact that petitioner has been seeking "extrajudicial discovery" is irrelevant for Rule 27 purposes. Moreover, diversity is not required if a petitioner is contemplating bringing federal claims. See Caterpillar Inc. v. Williams, 482 U.S. 386 (1987).

Rather, under Rule 27, a petitioner must show: (a) that the petitioner expects to be a party to an action cognizable in federal court but cannot presently bring it or cause it to be brought; (b) the subject matter of the expected action and the petitioner's interest; (c) the facts that the petitioner wants to establish by the proposed discovery and the reasons to perpetuate it prelitigation; (d) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and (e) the name, address, and expected substance of the testimony of each deponent. Fed. R. Civ. P. 27(a)(1). Rule 27 is drafted to apply to situation where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is

commenced. See 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2071 (3d ed. West 2012) (citation omitted). It is well-established that the Rule may not be invoked to conduct a fishing expedition to establish whether a claim exists, but only to preserve specific testimony or data that may imminently be lost. See Ash v. Cort, 512 F.2d 909 (3d Cir. 1975); Martin v. Reynolds Metals Corp., 297 F.2d 49 (9th Cir. 1961); In re Yamaha Motor Corp., U.S.A., 251 F.R.D. 97 (N.D.N.Y. 2008); In re Allegretti, 229 F.R.D. 93 (S.D.N.Y. 2005).

Of course, the governing principle for the exercise of the Court's discretion under Rule 27 is whether the discovery is sought for a proper purpose. Even giving plaintiff the benefit of the doubt as a *pro se* litigant, there is no proper purpose here. The notice of removal explains that after an affiliate of respondent effected a non-judicial foreclosure of petitioner's residence in Maryland (which apparently allows non-judicial foreclosure), petitioner commenced litigation in the Circuit Court in Baltimore to void the sale. He lost that case, then renewed the same claims multiple times in that court; they have all been dismissed, although there is still an appeal pending from one of them. He apparently commenced this proceeding in Kings County Supreme Court based on his perception that that court is more favorable to mortgagors and hostile to mortgagees as compared to the Baltimore state court, and because respondent happens to have an office in Kings County (among many other places). But it is not the purpose of Rule 27 to provide an unsuccessful litigant with discovery that he could not obtain when the litigation was pending in his home court.

4

Petitioner has been given ample opportunity to demonstrate grounds for relief under Rule 27 and has failed to do so. The motion for clarification is denied and the proceeding is dismissed.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       September 19, 2012